UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOSE LOPEZ VASQUEZ                    *        CIVIL DOCKET NO.
                                      *
VERSUS                                *        JUDGE:
                                      *
"CHRIS," GEORGE H. RATCHORD, INC.,    *        MAG:
AND GREAT WEST CASUALTY COMPANY       *
*******************************************************************************

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant, Great West Casualty Company, ("Defendant"), with full reservation of any and all defenses, objections, and exceptions, hereby give notice of the removal of this civil action from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. A copy of this Notice of Removal is also being filed with the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. As grounds for this removal, Defendants respectfully represent that:

### BACKGROUND

1.

This action commenced against Defendants in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, when Plaintiff filed his Petition for Damages on February 1, 2022, said action being designated as Case No. 715552, C ("The State Court Action"). A complete copy of the state court record is attached as Exhibit "A".

2.

Great West Casualty Company was served with the Petition setting forth Plaintiffs' claims for relief on February 9th, 2022. As of March 4, 2022, Christopher Spencer and George H Ratchford, Inc., have not been served. True and correct copies of all process and pleadings served upon Defendants in said action are attached as Exhibit "A". This Notice is therefore timely under 28 U.S.C. § 1446(b).

3.

This lawsuit arises out of an alleged accident on February 2, 2021, wherein Plaintiff, Jose Lopez Vasquez, claims he was traveling on Florida Boulevard in East Baton Rouge Parish when Defendant, "Chris," allegedly rear-ended the vehicle Vasquez was operating. *See* Petition for Damages contained in Exhibit "A," at ¶¶ III, IV.

4.

Plaintiff alleges that at the time of the wreck, Chris was acting in the course and scope of his employment with George H. Ratchford Inc. and that George H. Ratchford, Inc. is vicariously liable for Chris's actions. *See* Petition for Damages contained in Exhibit "A," at ¶¶ V, VI.

5.

Plaintiff further avers that George H. Ratchford, Inc., was negligent in its hiring and or retaining him in its employ. *Id.* Finally, Plaintiff avers that at the time of the accident, the vehicle operated by Chris was insured by a policy of insurance issued by Great West Casualty Company. *Id.* at ¶ 6.

**JURISDICTIONAL BASIS FOR REMOVAL**

6.

This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and (2) the requisite diversity of citizenship exists between Plaintiff and Defendants.

**A.     The Amount in Controversy is Satisfied**

7.

Plaintiff alleges that as a result of the various acts of negligence on the part of Defendants, he is entitled to recover for past and future mental pain, anguish, and suffering, past and future physical pain and suffering, past and future loss of enjoyment of life, past and future medical expenses, past and future physical disability and impairment, past and future loss of wages, and impairment of earning capacity. *See* Petition for Damages contained in Exhibit "A" at ¶ "WHEREFORE." Finally, Plaintiff seeks to recover all litigation expenses and costs allowable by law, reasonable attorney fees, and all other forms of relief provided by law. *Id.*

8.

Medical records submitted by plaintiff indicate that as a result of his injuries, he sought medical treatment due to low back pain. The records received to date indicate that the Plaintiff was seen in the emergency department and subsequently began receiving chiropractic treatment. Plaintiff began wearing a back brace and was excused from work due to his alleged injuries on multiple occasions. Additionally, Plaintiff underwent an MRI which revealed disc bulging of the L2-L3, and L4-L5, disc desiccation, and discogenic change at L2-L3 through L5-S1 levels and pars defect at L5 with anterolisthesis of L5 on S1 and canal narrowing. According to plaintiff's counsel, after the MRI plaintiff was referred to a specialist who administered two lumbar epidural steroid injections. Based upon information received from plaintiff's counsel, the plaintiff is still treating for the subject accident.

9.

Further, it is also notable that Plaintiff's Petition does not set forth that there is a "lack of jurisdiction of federal courts due to insufficiency of damages" as required by La. Code Civ. Proc. art. 893(A)(1).  While most Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy, they have held that the omission is entitled to some consideration in the inquiry. *See, e.g., Trahan v. Drury Hotels* Co., LLC, 2011 WL 2470982, *4 (E.D. La. June 20, 2011); *Ford v. State Farm,* 2009 WL 790150, *4 (M.D. La. Mar. 25, 2009); *Broussard v. Multi–Chem Group, LLC,* 2012 WL 1492855, *2 (W.D. La. Mar. 14, 2012).

10.

On February 15, 2022, Plaintiff was asked to execute a Stipulation within one week that his damages did not exceed the jurisdictional amount of $75,000.00. It has been over two weeks since the Stipulation was requested and yet Plaintiff has not agreed to stipulate to damages under $75,000.00.  *See* 2/15/22 email from Defense counsel, attached hereto as Exhibit "B." Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995), quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. To date, Plaintiff has refused to stipulate to damages less than $75,000.00.  *See* Exhibit "B."

11.

Moreover, where, as here, Plaintiff fails to allege a specific amount of damages in the Petition for Damages, the District Court must "examine the complaint to determine whether it is

'facially apparent' that the claims exceed the jurisdictional amount." *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Plaintiff's allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement. For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 888 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount. In *Patrick v. Texas Roadhouse, Inc.* the Western District of Louisiana, found that the amount in controversy had been met based on plaintiff's claimed damages for past and future pain and suffering, lost wages, medical treatment, and alleged permanent physical impairment and disability in addition to the Louisiana cases cited by defendants awarding damages greater than $75,000 for nonsurgical injuries. *Patrick v. Texas Roadhouse, Inc.,* No. 17-CV-976, 2017. WL 5617845, at 2 (W.D. La. Oct. 5, 2017), *report and recommendation adopted,* No. CV 17-0976, 2017 WL 5616036 (W.D. La. Nov. 20, 2017).

The same is true for Plaintiff's claimed damages here.

11.

If proven, it is likely that Plaintiff's alleged damages will exceed the $75,000 threshold as evidenced by awards granted for similar injuries by Louisiana State Courts:

In *Hicks v. USAA Gen. Indem. Co*., a plaintiff filed suit following a motor vehicle rear-end collision, alleging injuries to his neck, back, and arm. 2019-0552 (La. App. 1 Cir. 3/25/21), 2021 WL 1136210. He underwent multiple lumbar procedures, including epidural steroid injections and radio frequency ablations. The court determined that an award of $300,000 for past and future pain and suffering, $300,000 for past and future mental anguish, $55,000 for past and future loss of enjoyment of life, and $55,000 for disability, was not an abuse of discretion.

Plaintiff in an auto accident suffered a disc herniation at L5-S1, central disc herniation at C6-7, and received steroid injections in his neck and back. He was awarded $242,000 in general damages. *Alexander v. Tate,* 2009-844 (La. App. 3 Cir. 2/3/10); 30 So.3d 1122.

A Court awarded $120,000 in general damages to a man who suffered a herniated disc at C6-C7, bulging at C3-C7, lumbar herniated disc displacing the right S-1 nerve root, and a disc bulge at L3-L4. Plaintiff visited a chiropractor for nearly two years. *Ridgel v. Chevalier,* 2019-0250 (La.App. 4 Cir. 1/8/19), 288 So.3d 192.

A woman was awarded $200,000 in general damages, $108,000 in future wages and past wages of $406,000 as a result of an automobile accident wherein she injured her neck. *Hiue Phuong Hoang v. Thornton Services,* 2015-0749 (La. App. 4 Cir. 4/27/16), 192 So. 3d 864. No surgical intervention was recommended, and she was released back to work at the time of trial. *Id.*

The plaintiff in *Associated Terminals of St. Bernard, LLC, v. Potential Shipping, HK Co.,* was awarded $225,000 in general damages for anterior and posterior changes at the C5-6 level, as well as disc bulges at C4-5 and C6-7 levels, where future surgery was inevitable. 324 F. Supp. 3d 808.

A plaintiff who was diagnosed with two disc bulges, one at C6-7 and one at L4-5, was awarded $75,000 in general damages, where the Plaintiff elected to treat his injuries conservatively. *Hebert v. Boesch,* 2015-1791 (La. App. 1 Cir. 6/3/16), 194. So.3d 798.

A plaintiff brought a personal injury action following a rear-end collision in *Rochel v. Terrebonne Parish Sch. Bd.,* 637 So. 2d 753 (La. Ct. App.), *writ denied,* 9401613 La. 10/7/94), 644 So. 2d 633. The plaintiff complained of neck and back pain and of pain radiating into the left hip and leg. His physician noted "the presence of degenerative disc disease and spondylosis of the

cervical and lumbosacral spine," among other cervical and lumbar injuries. *Id.* at 755. The First circuit affirmed the general damages award of $275,000.00

12.

It is apparent that Plaintiff's total damages, if proven, as a matter of law and fact, could exceed the sum of $75,000.

**B.    There Is Complete Diversity of Citizenship**

13.

As alleged in his Petition, Jose Lopez Vasquez, is a citizen of the State of Louisiana. *See* Petition for Damages contained in Exhibit "A," at ¶ 1.

14.

Defendant, Great West Casualty Company is a foreign insurance company incorporated in the State of Nebraska with its principal place of business in South Sioux City, Nebraska.  Great West Casualty Company, therefore, is considered a citizen of Nebraska.

15.

George H. Ratchford, Inc., is a corporation that is incorporated under the laws of the State of Georgia and has its principal place of business in Wadley, Georgia.  *See* Georgia Secretary of State printout, attached hereto as Exhibit "C."  As such George H. Ratchford, Inc. is a citizen of Georgia.

16.

Defendant "Chris" whose full name is Christopher Spencer is domiciled in Wadley, Georgia, and as such he is considered a citizen of Georgia.

17.

Because Plaintiff is a Louisiana resident and Defendants are considered citizens of Nebraska and Georgia, complete diversity exists in this action.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

18.

Service of process was made on Great West Casualty Company through service on the Louisiana Secretary of State on February 9, 2022.

19.

Service of process has not been made on George H. Ratchford, Inc.

20.

Service of process has not been made on Christopher Spencer.

21.

Defendants file this Notice of Removal within thirty (30) days from the date of service and within one year after commencement of this action, which was filed on February 1, 2022. This removal is therefore timely.

22.

The United States District Court for the Middle District of Louisiana encompasses the parish in which the state court action was filed, and thus this case is properly removed to this Court under 28 U.S.C. §§ 104(a) and 1441(a).

23.

Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of this removal with the Clerk of the Nineteenth Judicial District Court, Paris of East Baton Rouge, State of Louisiana, where the action is currently pending. Copies of the State Court Notice of Filing Removal, together

with this Notice of Removal, are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendants, Great West Casualty Company, George H. Ratchford, Inc., and Christopher Spencer respectfully remove this action, *"Jose Lopez v. 'Chris,' George H. Ratchford, Inc., and Great West Casualty Company,"* bearing docket number 715552, C, from the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART**

*/s/ Raven Fielding*

_____
**RAVEN A. FIELDING (#33125)**
**JOSEPH C. MCALOON (#39977)**
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 324-0676
rfielding@duplass.com
jmcaloon@duplass.com
**Counsel for Defendants, Christopher Spencer,**
**George H. Ratchford, Inc., and Great West**
**Casualty Company**

## CERTIFICATE OF SERVICE

I hereby certify that on 4th day of March, 2022, a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Raven Fielding*

_____
**RAVEN A. FIELDING**