UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JOSE LOPEZ VASQUEZ**                              **CIVIL ACTION NO.**

**VERSUS**

**"CHRIS," GEORGE H. RATCHFORD, INC.**              **22-156-JWD-EWD**
**ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages by Jose Lopez Vasquez ("Plaintiff") based on the injuries he allegedly sustained on February 2, 2021 while travelling in Baton Rouge, Louisiana (the "Accident").[1] Plaintiff's vehicle was allegedly struck by the vehicle driven by Defendant Christopher Spencer ("Spencer") while in the course and scope of his employment with Defendant George H. Ratchford, Inc. ("Ratchford").[2] On February 1, 2022, Plaintiff filed his Petition for Damages ("Petition") against Spencer, Ratchford, and Great West Casualty Company ("Great West'") the insurer of the vehicle driven by Spencer, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[3] On March 4, 2022, Great West removed the matter to this Court, based on diversity jurisdiction under 28 U.S.C. § 1332.[4] However, the Notice of Removal is deficient in its allegations regarding citizenship and the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Spencer is a Georgia citizen, Ratchford is a Georgia

---

[1] R. Doc. 1-2, ¶¶ 3-4.
[2] R. Doc. 1-2, ¶¶ 1(a), 4-6. The Petition identifies Spencer only as "Chris," but the Notice of Removal provides Spencer's full name. R. Doc. 1, ¶ 16. Furthermore, the caption on the Notice of Removal mistakenly refers to Ratchford as "Ratchord." The Petition alleges Spencer's employer's name as "Ratchford." R. Doc. 1-2, ¶¶ 1(b), 5-6.
[3] R. Doc. 1-2 and *see* ¶¶ 1(c) and 6.
[4] R. Doc. 1, introductory paragraph and ¶ 6.

corporation with its principal place of business in Georgia, and Great West is a Nebraska company with its principal place of business in Nebraska.[5] With respect to Plaintiff, the Notice of Removal states that Plaintiff alleges that he is a "citizen" of Louisiana in his Petition. That is incorrect. The Petition only alleges Plaintiff's Louisiana residency.[6] "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient."[7] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[8] Thus, to properly allege the citizenship of an individual, a party must identify the individual's *domicile.* Accordingly, Great West must identify the domicile of Plaintiff.

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[9] The Petition only generally alleges that Plaintiff suffered "damages and losses" for which he underwent medical treatment and therapy for several months, and for which he seeks past, present, and future damages for: mental pain, anguish and suffering; physical pain and suffering; loss of enjoyment of life; medical expenses; physical disability and impairment; loss of wages; impairment of earning capacity; and litigation expenses and fees. Plaintiff also alleges that he sustained property damage to his vehicle.[10]

In the Notice of Removal, Great West relies on the above-referenced allegations of damages in the Petition,[11] and also asserts that medical records (not in the record) reflect that Plaintiff sought medical treatment for back pain; that Plaintiff has been excused from work due to

---

[5] R. Doc. 1, ¶¶ 14-16.
[6] R. Doc. 1-2, introductory paragraph.
[7] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[8] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996), *citing Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).
[9] *See* 28 U.S.C. §1332(a).
[10] R. Doc. 1-2, ¶¶ 2, 5, and prayer for damages.
[11] R. Doc. 1, ¶ 7.

his injuries; that Plaintiff has several disc bulges and other back injuries; and that Plaintiff has received two steroid injections.[12] Great West also relies on Plaintiff's refusal to execute a proffered stipulation that his damages will not exceed $75,000, the lack of an La. C.C.P. art. 893 statement in his Petition, affirmatively renouncing the right to accept a judgment in excess of $75,000, exclusive of interest and costs, and several federal and state court cases regarding the amount in controversy and damage awards for personal injuries.[13]

The information provided in the Petition and Notice of Removal is not sufficient to sustain Great West's burden of establishing by a preponderance of the evidence that Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. The grounds upon which Great West relies to establish the amount in controversy have been addressed in prior Orders of the Court. For example, this Court rejected similar arguments in *Irvin v. AAA Member Select Insurance Company*, in No. 22-106 (M.D. La. Feb. 17, 2022) at R. Doc. 3, which is attached to this Notice and Order. *Irvin* also involved bulging discs and steroid injections, the lack of a C.C.P. art. 893 statement and a refused stipulation, and was similarly found insufficient, despite that *Irvin* provided more information including a settlement demand and the amount of the plaintiff's past medical expenses. Great West is ordered to review the attached ruling and respond as ordered with specifics applicable to this case.[14]

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the parties are completely diverse and whether the amount in controversy requirement has been met.[15]

---

[12] R. Doc. 1, ¶ 8.
[13] R. Doc. 1, ¶¶ 9, 10 (referencing an email from defense counsel regarding the stipulation, which is not in the record), 11, and 11 (sic, 12).
[14] And in particular, *see* footnote 23 regarding prior damage awards.
[15] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS ORDERED** that, by no later than **April 25, 2022,** Defendant Great West Casualty Company shall file a motion for leave to file an amended Notice of Removal which attaches a comprehensive amended Notice of Removal (*i.e.*, includes all Great West's numbered allegations, as revised, supplemented, and/or amended) that adequately alleges the citizenship of all parties.

**IT IS FURTHER ORDERED** that, by no later than **May 2, 2022,** Great West Casualty Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.[16]

**IT IS FURTHER ORDERED** that, by no later than **May 16, 2022**, Plaintiff Jose Lopez Vasquez shall file either: (1) a Notice stating that Plaintiff does not dispute that Great West has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, April 18, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] 28 U.S.C. § 1447(c) provides, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."